UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA, | No. 2:25-cv-0475 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| ANZAR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a request for leave to file a motion for a temporary restraining order ("TRO"). ECF No. 11. He wishes to file a TRO motion against "defendants ect [sic] al," alleging that since the filing of the instant complaint, they have retaliated against him by (1) using psychotropic medication as a weapon/tool, (2) placing him in restricted housing unit based on false rules violation reports ("RVR"s), and (3) keeping him in "illegal max-custody since April 8th, 2025." ECF No. 11 at 1- 2.

Plaintiff is informed that he does not require leave of court in order to file a motion for a TRO. Accordingly, he may proceed to file such a motion.

To the extent that plaintiff appears to seek leave to file an amended complaint, to align with his allegations in the forthcoming TRO motion, the court grants him leave to do so. See Fed.

1

R. Civ. P. 15(a)(2).[1]  Before filing a TRO motion and/or an amended complaint, plaintiff should carefully review the legal standards below, which are provided for informational purposes.

### Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

### Legal Standards Governing Motion for Temporary Restraining Orders and Preliminary Injunctions

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing and the standard for issuing a temporary restraining order is essentially the same as that

---

[1] Before the court could screen the complaint, plaintiff exercised his right to amend the pleading once as a matter of course.  See ECF No. 8; Fed. R. Civ. P. 15(a)(1).  Accordingly, the court construes the present request as one for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

2

for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations omitted).  The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter standard.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element).  "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  Id. at 1132.

The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims.  See Winter, 555 U.S. at 20.  Additionally, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."  Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013).

Because the function of a preliminary injunction and temporary restraining order is to preserve the status quo pending a determination on the merits, Chalk v. United States Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to *alter* rather than maintain the status quo, Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").  "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'"  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879

(9th Cir. 2009) (quoting <u>Anderson v. United States</u>, 612 F.2d 1112, 1115 (9th Cir. 1979)).

A court may only issue a temporary restraining order or preliminary injunction against parties to which is has jurisdiction over. <u>Price v. City of Stockton</u>, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted). As such, the court can only issue such order against persons plaintiff has stated claims against and for conduct related to his claims.

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to file a motion for a temporary restraining order (ECF No. 11) is DENIED as unnecessary. However, to the extent plaintiff's motion also seeks leave from the court to file an amended complaint, that request is GRANTED.

DATED: June 11, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE