UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA, | No. 2:25-cv-0475 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| ANZAR, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. On November 5, 2025, the undersigned screened the First Amended Complaint ("FAC") and gave plaintiff twenty-one days to inform the court whether he wants to (1) proceed immediately on his Eighth Amendment excessive force, failure to protect, sexual assault, and medical deliberate indifference claims against defendants Anzar, Mendoza, Andrews, and Stewart, and his First Amendment retaliation claims against defendants Andrews, Stewart, and Singh, as set forth in Section I.D. of that order, or (2) file an amended complaint. ECF No. 17 at 8, 11. The undersigned also denied plaintiff's motion to disqualify her. Id. at 11. Plaintiff has filed a reply. ECF No. 20.

I.   Notice of Election

In his reply, plaintiff states he would like to stand on the allegations of the FAC and has attached a notice of election form indicating the same. ECF No. 20 at 5, 18. However, he also

1

states that he wants to proceed against Medina, who is not named as a defendant in the FAC; asks the court to allow him to proceed against defendants Jones (warden), Gipson (director), and John Doe (chief medical officer), whom the undersigned determined the FAC failed to state claims against; and alleges additional facts about them. ECF No. 20 at 4-9, 11-17.

To proceed on a claim against Medina, plaintiff must amend the complaint to name Medina as a defendant and identify any claims against him. Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . ."). Also, to proceed against defendants Jones, Gipson, and/or John Doe, plaintiff must amend the complaint to address the deficiencies identified in the screening order with respect to those claims. See ECF No. 17 at 6-7. Accordingly, the court construes plaintiff's reply as a notice that he would like to amend the complaint.[1]

In amending the complaint, plaintiff should pay particular attention to the legal standards attached as Attachment A to the court's November 5, 2025, screening order; make sure to address the deficiencies identified by the court in the screening order for the claims he wants to reallege; include in the caption page the names of all defendants he is asserting claims against in the SAC; and include all claims and alleged facts against *each* named defendant in the SAC. **Plaintiff is**

---

[1] Plaintiff's reply also alleges that on November 9, 2025, at a different facility—California Correctional Institution ("CCI")—he was retaliated against by Sacramento officials who completed a risk assessment and determined that instead of parole, plaintiff would be sent to a state hospital. Id. at 9, 11. To the extent plaintiff is attempting to allege a *new* retaliation claim against unnamed defendants at CCI for conduct that occurred on November 9, 2025, plaintiff is informed that he cannot join new parties and/or claims to this action that are not properly joined. Pursuant to Federal Rule of Civil Procedure 18, a plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. R. Civ. P. 18. In addition, pursuant to Rule 20(a)(2), a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

1 **reminded that the court will not refer back to the original complaint, the FAC, and/or his**
2 **reply to the court's screening order to piece together his allegations against each defendant.**
3 **Accordingly, the SAC should be complete in and of itself.**  See Local Rule 220; Loux v. Rhay,
4 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted) (an amended complaint replaces the prior
5 complaint), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).

   II.   Request for Appointment of Counsel

In his reply, plaintiff also asks the court to appoint counsel "to help [him] overcome [his] deficiencies. ECF No. 20 at 13.  Plaintiff's request will be denied without prejudice.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of general and/or legal education, mental illness, and/or disability do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Based on plaintiff's prior filings, and presentation of cognizable claims, it appears he is capable of attempting to address the deficiencies identified by this court.[2]

---

[2] As the screening order explained, plaintiff's claims against supervisory defendants failed because he did not provide facts about what each of them knew before the alleged violations such that the court can infer each of them was aware of the need to intervene and/or the need for more or different training, and what each of them did or did not do to violate plaintiff's rights.  ECF No. 17 at 6-7.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's reply and notice of election (ECF No. 20) is construed as a notice that he would like to amend the complaint and a request for appointment of counsel.

2. Plaintiff's request for appointment of counsel is DENIED without prejudice.

3. Plaintiff has until January 5, 2026, to file a Second Amended Complaint ("SAC").

4. If plaintiff fails to file a SAC, the court will assume he is choosing to proceed on the First Amended Complaint ("FAC") as screened and will recommend dismissal without prejudice of defendants Jones, Gipson, John Doe, Salgado, Padilla, Martinez, Rivera, Shamoeil, and any claims against defendants Anzar, Mendoza, Andrews, Stewart, and Singh other than the ones found to state a claim in Section I.D. of the court's November 5, 2025, screening order. If these claims are dismissed, the case will proceed *only* on plaintiff's Eighth Amendment excessive force, failure to protect, sexual abuse, and medical deliberate indifference claims against defendants Anzar, Mendoza, Andrews, and Stewart, and his First Amendment retaliation claims against defendants Andrews, Stewart, and Singh and the *only* parties who will be served and required to respond to the FAC will be defendants Anzar, Mendoza, Andrews, Stewart, and Singh.[3]

DATED: December 1, 2025

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] J. Medina will not be required to respond since he is not listed as a defendant in the FAC.

4