UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAY MEDINA, | No.  2:25-cv-0475 DC AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| ANZAR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983.  On November 5, 2025, the undersigned screened the First Amended Complaint ("FAC") and gave plaintiff twenty-one days to inform the court whether he wants to (1) proceed immediately on his Eighth Amendment excessive force, failure to protect, sexual assault, and medical deliberate indifference claims against defendants Anzar, Mendoza, Andrews, and Stewart, and his First Amendment retaliation claims against defendants Andrews, Stewart, and Singh, as set forth in Section I.D. of that order, or (2) file an amended complaint.  ECF No. 17 at 8, 11.

On November 24, 2025, the court received a notice of election stating plaintiff would like to stand on the allegation of the FAC.  ECF No. 20 at 5, 18.  The notice, however, also states that plaintiff wants to proceed against Medina, who is not named as a defendant in the FAC; asks the court to allow him to proceed against defendants Jones (warden), Gipson (director), and John Doe

1

(chief medical officer), whom the undersigned determined the FAC failed to state claims against; and alleges additional facts about them.  Id. at 4-9, 11-17.

On December 2, 2025, the court construed plaintiff's notice of election (ECF No. 20) as a notice that plaintiff would like to amend the complaint.  ECF No. 21 at 4.  Plaintiff was informed that to proceed on a claim against Medina he needed to amend the complaint to name Medina as a defendant and identify any claims against him and that to proceed against Jones, Gipson, and/or John Doe, he needed to amend the complaint to address the deficiencies identified in the screening order with respect to those claims.  Id. at 2.  Plaintiff was given until January 5, 2026, to file a Second Amended Complaint (SAC).  Id. at 4.  Plaintiff was warned that if he failed to file an SAC by January 5, 2026,

> the court will assume he is choosing to proceed on the FAC as screened and will recommend dismissal without prejudice of defendant Jones, Gipson, John Doe, Salgado, Padilla, Martinez, Rivera, Shamoeil, and any claims against defendants Anzar, Mendoza, Andrews, Stewart, and Singh other than the ones found to state a claim in Section I.D. of the court's November 5, 2025, screening order.

Id.  Plaintiff was further warned that

> [i]f these claims are dismissed, the case will proceed only on plaintiff's Eighth Amendment excessive force, failure to protect, sexual abuse, and medical deliberate indifference claims against defendants Anzar, Mendoza, Andrews, and Stewart and his First Amendment retaliation claims against defendants Andrews, Stewart, and Singh and the only parties who will be served and required to respond to the FAC will be defendants Anzar, Mendoza, Andrews, Stewart, and Singh.

Id.  "J. Medina will not be required to respond since he is not listed as a defendant in the FAC." Id. at 4 n.3.  The time for plaintiff to file an SAC complaint has passed and plaintiff has not filed an SAC or otherwise responded to the court's December 2, 2025, order.

Accordingly, IT IS HEREBY RECOMMENDED that for the reasons set forth in the November 5, 2025, screening order (ECF No. 17 at 6-7), defendant Jones, Gipson, John Doe, Salgado, Padilla, Martinez, Rivera, Shamoeil, and any claims against defendants Anzar, Mendoza, Andrews, Stewart, and Singh other than the ones found to state a claim in Section I.D. of the court's November 5, 2025, screening order be dismissed without prejudice.

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3