UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY MEDINA,

Plaintiff,

v.

ANZAR, et al.,

Defendants.

No.  2:25-cv-0475 DC AC P

ORDER

Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983.  On February 9, 2026, after plaintiff failed to file a second amended complaint (SAC), the undersigned issued findings and recommendations recommending for the reasons set forth in the November 5, 2025, screening order, ECF No. 17 at 6-7, defendant Jones, Gipson, John Doe, Salgado, Padilla, Martinez, Rivera, Shamoeil, and any claims against defendants Anzar, Mendoz, Andrews, Stewart, and Singh other than the ones found to state a claim in Section I.D. of the screening order be dismissed without prejudice.  ECF No. 22.  Plaintiff was given twenty-one days to file objections.  Id.

On February 12, 2026, the court received a letter from plaintiff indicating that shortly after he received this court's December 2, 2025, order he was admitted to a crisis bed due to mental health needs.  ECF No. 26 at 1.  On January 7, 2026, he was transferred to a different facility.  Id. On that day, plaintiff mailed the court a letter informing the court of his change of address and

1

requesting an extension of time to file an amended complaint. Id. at 2. It appears the notice and request were lost. On February 8, 2026, plaintiff mailed a second notice of change of address and a request for an extension of time to file an amended complaint and for a copy of the court docket in this matter. Id.

In light of the foregoing, the undersigned will withdraw the February 9, 2026, findings and recommendations, ECF No. 22; vacate the order finding service appropriate and directing e-service of defendants A. Anzar, S. Mendoza, Andrews, T. Stewart, and R. Singh, ECF No. 23; and grant the request for an extension of time, ECF No. 26; and ask the clerk of the court to provide plaintiff with a **one-time courtesy copy** of the court docket in this case. However, because the loss of plaintiff's first request for an extension of time has already resulted in over one month extension of time (i.e. extension from January 7th through February 17th), and plaintiff has not indicated he faced any obstacles in preparing a SAC complaint during that time, the court will grant plaintiff one final extension to file a SAC. No further extensions will be granted absent a timely request *and* extraordinary circumstances.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The undersigned's February 9, 2026, findings and recommendations (ECF No. 22) are WITHDRAWN.

2. The February 9, 2026, order finding service appropriate and directing eservice (ECF No. 23) is VACATED.

3. Plaintiff's request for an extension of time to file a second amended complaint (SAC) (ECF No. 26) and for a copy of the court docket is GRANTED.

**4. Plaintiff has until March 20, 2026, to file a SAC.**

5. If plaintiff fails to file a SAC, the court will assume he is choosing to proceed on the First Amended Complaint ("FAC") as screened and will recommend dismissal without prejudice of defendants Jones, Gipson, John Doe, Salgado, Padilla, Martinez, Rivera, Shamoeil, and any claims against defendants Anzar, Mendoza, Andrews, Stewart, and Singh other than the ones found to state a claim in Section I.D. of the court's November 5, 2025, screening order. If these claims are dismissed, the case will proceed *only* on plaintiff's Eighth Amendment excessive

force, failure to protect, sexual abuse, and medical deliberate indifference claims against defendants Anzar, Mendoza, Andrews, and Stewart, and his First Amendment retaliation claims against defendants Andrews, Stewart, and Singh and the *only* parties who will be served and required to respond to the FAC will be defendants Anzar, Mendoza, Andrews, Stewart, and Singh.[1]

DATED: February 23, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1]  J. Medina will not be required to respond since he is not listed as a defendant in the FAC.

3